MARÍA DEL CARMEN DEL MORAL Y NADAL, Petitioner, *v.* DISTRICT COURT OF MAYAGÜEZ, Respondent

No. 729. Argued November 3, 1930.—Decided November 10, 1930.

*Alfredo Arnaldo* for petitioner. *José Sabater* for the guardian.

MR. JUSTICE ALDREY delivered the opinion of the Court.

Pursuant to a writ of certiorari issued by us on application of María del Carmen del Moral y Nadal, the District Court of Mayagüez sent up the record of the proceedings had before it to determine the incapacity of Carmen Nadal del Moral, who is more than seventy years old, and for the appointment of a guardian.

The initial petition in the said proceedings was confined to a recital of the facts concerning the mental condition of said Carmen Nadal, although it contained a prayer for the appointment of Francisco del Moral, one of her sons, as her guardian after her incapacity had been declared. The court heard the testimony of an alienist and adjudged her to be incapacitated, and in the same order Francisco del Moral, her eldest son, was appointed her guardian. Shortly thereafter the petitioner herein filed a motion in the district court to set aside that appointment, based on the ground that it violated the provisions of the Civil Code according to which the guardianship in this case pertained to her as the eldest child of Doña Carmen, which status she showed with documents, and because no one had applied in writing for the said appointment nor had any affidavit been filed for this purpose. The court refused to set aside the appointment made, whereupon the petition in certiorari which we are now considering was filed.

It is provided by sections 250 and 256 of the Civil Code that no guardian shall be appointed for insane or demented persons or deaf-mutes of age without a previous declaration of the district court of their residence that such persons are incapable of administering their property; that the guardianship of such persons pertains successively to the husband or wife; to the father and, in a proper case, to the mother; to the children; to the grandparents; to the brothers, subject to a preference in favor of the whole blood, and that if there be several children or brothers the eldest shall be preferred. On the other hand, section 240 provides that the

office of guardian can not be renounced unless for lawful cause duly shown. Such is our substantive law, which modified the provision of the former Spanish Code, conferring the guardianship upon the eldest of the male children, by substituting a preference in favor of the eldest child regardless of sex.

As to the procedure for the appointment of a guardian, it is prescribed in sections 74 and 75 of the Law of Special Proceedings that whenever a minor or incapacitated person, not under *patria potestas*, has no guardian named in a testamentary disposition, such guardian shall be provided for him on the petition of a party showing by affidavit, in addition to the foregoing facts, which of the persons designated by sections 248 to 256 of the Civil Code, as the case may be, is to exercise the guardianship, or that none of those persons is available; and that upon the aforesaid facts having been established in due form, the court shall appoint the relative upon whom the guardianship devolves, and in the event of there being none, the court shall appoint a person of well-known integrity, etc.

This procedure has not been followed in the present case, because, although the motion for the declaration of incapacity, in which the appointment of a guardian was prayed for, is verified, it did not comply with the provisions of the aforesaid sections and confined itself to stating that such appointment should be made in favor of Francisco del Moral, without stating that he is the eldest of the children of Carmen Nadal widow of Del Moral; assuming that the failure to state that the said lady had no living parents can be excused in view of the fact that she was a widow well advanced in years.

By reason of the aforesaid defect of procedure, the order of the court appointing Francisco del Moral as guardian must be vacated and the case remanded for further proceedings in accordance with the law.

Mr. Justice Texidor took no part in the decision of this case.